POTTER
*vs.*
RICHARDSON.

*Preston* for the plaintiff, *Eustis* & *Watts* for the defendant.

----

## POTTER vs. RICHARDSON.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. The proceedings in this case are fully stated in the opinion already given, so far as they then appeared on record. After the pronouncing of the decree the appellee moved for a re-hearing, which being granted him, he suggested a diminution of record, and obtained a *certiorari* to send up all that remained of it.

If a petition for an injunction is dismissed for want of equity appearing on the face of it, the appellate court cannot take notice of evidence said to have been introduced.

VOL. I. (N. S.) 36

The return made by the clerk to this writ, shows that on the 10th January 1822, there was filed in his office the bond of W. A. Richardson the defendant, and one H. W. Hill, of the parish of Feliciana, in the penal sum of two thousand five hundred dollars, conditioned in pursuance to the judgment entered up by consent of parties, on the 19th October, 1821.

It is contended on behalf of the plaintiff that this court can take no notice of this obligation, as it does not come up in the manner prescribed by law, for placing the facts on which causes are tried, before us.

Before examining this question, one raised by the defendant must be disposed of. He insists that the court below improvidently granted the injunction in the first instance; because the petition does not on the face of it show sufficient equity.

We have examined it and think it does. The plaintiff swears, that the defendant has failed to comply with the tenor and effect of the judgment, according to law and justice; and then states that it is true *a bond of the executors* was tendered him. This amounts to the same thing as if he had sworn positively the

bond now sent up was not tendered him. It was said he should have expressly negatived it; but if in point of fact it was not presented to him, and another bond of the executors was, how could he swear more positively, than to say the judgment had not been complied with according to its tenor and effect.

The plaintiff is right in his objection, that the proof of the bond being executed and tendered, does not come regularly before us. The case stood upon petition and answer, and the general issue was pleaded. It appears to have been dismissed for want of equity on the face of the petition. This excludes the idea of any examination of the merits being gone into in the court below; and we cannot therefore notice in the appeal, documents which would go to show that dismissal to have been supported by evidence which was not introduced, or which the opposite party had not the means afforded him to controvert.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided, and reversed, and this case be remanded to the district court, with instructions to proceed thereon as if the injunc-

East'n District.
*May*, 1823.

POTTER
*vs.*
RICHARDSON.

East'n District.
*May, 1823.*

POTTER
*vs.*
RICHARDSON.

tion had not been dissolved—the costs of the appeal to be borne by the appellee.

*Preston* for the plaintiff, *Eustis & Watts* for the defendant.